APR 21 10

1

2

3

4

5

6           **UNITED STATES DISTRICT COURT**

7              **DISTRICT OF NEVADA**

8   JEREMY ALLEN CROZIER,        )

9               Plaintiff,      )     Case No. 3:09-cv-0533-RCJ-RAM
                              )

10   vs.                     )         **ORDER**
                              )

11   ADAM ENDEL, *et al.*,         )
                              )

12   _____Defendants._____)

13        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

14   submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-2). Plaintiff has also filed

15   numerous motions with the Court. The Court has screened Plaintiff's civil rights complaint pursuant

16   to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

17   **I.**     **Application to Proceed** *in Forma Pauperis*

18        Based on the financial information provided, the Court finds that Plaintiff is unable to pay an

19   initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350.00 must still

20   be paid pursuant to 28 U.S.C. § 1915(b)(2).

21   **II.**     **Screening Pursuant to 28 U.S.C. § 1915A**

22        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

23   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

24   1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are

25   frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

26   a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings,

however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*

1    *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action

2    is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3          All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

4    prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

5    conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

6    infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

7    allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

8    (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9    **III.**     **Screening of the Complaint**

10         Plaintiff sues Defendants Catherine Cortez-Masto, Debra Brooks, E.K. McDaniel, Greg Cox,

11    Howard Skolnik, Jim Gibbons, John Doe Food Service Manager III, Renee Baker, and Ross Miller in

12    both their individual and official capacities for violation of his constitutional rights. In his single count

13    complaint, Plaintiff claims he received unsanitary plastic food trays that were broken, unwashed, or

14    cigarette burned, between November 5, 2008, and September 3, 2009. Plaintiff states that he had to

15    either eat unsanitary food or go without any food, and that these instances violated his rights under the

16    Eighth and Fourteenth Amendments. Plaintiff seeks monetary damages as well as injunctive and

17    declaratory relief.

18        **A.**     **Defendants**

19         The Civil Rights Act under which this action was filed provides:

20                Every person who, under color of [state law]    ... subjects, or causes to
                   be subjected, any citizen of the United States. . . to the deprivation of any

21                rights, privileges, or immunities secured by the Constitution. . . shall be
                   liable to the party injured in an action at law, suit in equity, or other

22                proper proceeding for redress. 42 U.S.C. § 1983.

23    The statute plainly requires that there be an actual connection or link between the actions of the

24    defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department*

25    *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has

26

1   held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

2   of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

3   perform an act which he is legally required to do that causes the deprivation of which complaint is

4   made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   Plaintiff fails to link Defendants Nevada

5   Attorney General Catherine Cortez-Masto, Governor Jim Gibbons, and Secretary of State Ross Miller

6   with some affirmative act or omission.   Therefore, Plaintiff's claims against them must be dismissed.

7        **B.     Count I**

8        Plaintiff claims he received unsanitary plastic food trays that were broken, unwashed, or cigarette

9   burned, between November 5, 2008, and September 3, 2009.   Plaintiff states that he had to either eat

10   unsanitary food or go without any food, and that these instances violated his rights under the Eighth and

11   Fourteenth Amendments.

12        At the outset, the Court notes that, "Where a particular amendment 'provides an explicit textual

13   source of constitutional protection' against a particular sort of government behavior, 'that Amendment,

14   not the more generalized notion of "substantive due process," must be the guide for analyzing [a

15   plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality)

16   (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).   Therefore, Plaintiff's claims will be analyzed

17   under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized

18   notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment

19   due process claim must be dismissed.

20        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

21   conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

22   337, 347 (1981).   Although prison conditions may be restrictive and harsh, prison officials must provide

23   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v.*

24   *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

25    Plaintiff has stated a claim under the Eighth Amendment for unsanitary conditions that may proceed on

26   the complaint.

4

1    To the extent that Plaintiff makes reference to equal protection violations, Plaintiff fails to state

2    a claim under the Fourteenth Amendment. Equal protection claims arise when a charge is made that

3    similarly situated individuals are treated differently without a rational relationship to a legitimate state

4    purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983

5    claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must

6    allege and that defendants acted with intentional discrimination against a class of inmates which

7    included the plaintiff. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit*

8    *Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Plaintiff has not stated that he is a member

9    of a protected class or that he has suffered any discrimination based on his membership in such a class.

10   Therefore, Plaintiff's equal protection claims must be dismissed.

11   **III.    Conclusion**

12   Plaintiff's claims against Defendants Catherine Cortez-Masto, Jim Gibbons, and Ross Miller are

13   dismissed. Plaintiff's Fourteenth Amendment claims for due process and equal protection are dismissed.

14   Plaintiff's Eighth Amendment claims may proceed on the complaint.

15   **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis*

16   (#1) is **GRANTED.** Plaintiff shall not be required to pay an initial partial filing fee. However, even if

17   this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

18   **IT IS FURTHER ORDERED** that the plaintiff herein is permitted to maintain this action to

19   conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

20   therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at

21   government expense.

22   **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department

23   of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the

24   preceding month's deposits to Plaintiff's account (inmate #77906), in the months that the account

25   exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall

26   send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy

1   of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,

2   P.O. Box 7011, Carson City, NV 89702.

3       **IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.

4       **IT IS FURTHER ORDERED** that Defendants Catherine Cortez-Masto, Jim Gibbons, and Ross

5   Miller are **DISMISSED**.

6       **IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment claims for due process

7   and equal protection are **DISMISSED**.

8       **IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claims **MAY PROCEED**

9   on the complaint.

10      **IT IS FURTHER ORDERED** that Plaintiff's Motions for Copies of Case Summaries (##3, 7)

11  is **DENIED**.

12      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Summons (#6) is

13  **DENIED** as moot.

14      **IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order,**

15  **along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the State of**

16  **Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City,**

17  **Nevada 89701-4717**. The Attorney General shall advise the court within **twenty-one (21) days** of the

18  date of entry of this order whether they can accept service of process for the named defendants and the

19  last known address under seal of the defendants for which they cannot accept service.  If the Attorney

20  General accepts service of process for any of the defendants, such defendant(s) shall file and serve an

21  answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance

22  of service.

23      **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE**

24  the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date

25  of the entry of this order.

26

1    **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an

2    appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other

3    document submitted for consideration by the court.  Plaintiff shall include with the original paper

4    submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

5    to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

6    shall direct service to the individual attorney named in the notice of appearance, at the address stated

7    therein.  The Court may disregard any paper received by a district judge or magistrate judge which has

8    not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk

9    which fails to include a certificate showing proper service.

10    DATED: This _____ day of April, 2010.

14    _____
15    UNITED STATES DISTRICT JUDGE

7

Name _____

Prison Number (if applicable) _____

Address _____

_____

_____

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____, )   Case No. _____
                          )
       Plaintiff,      )
                          )
v.                        )   **NOTICE OF INTENT TO**
                          )   **PROCEED WITH MEDIATION**
_____    )
                          )
_____    )
                          )
       Defendants.     )
_____    )

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? _____ Yes _____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

8

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document

9